FULLER v. HUGHES.

4-6421                                          152 S. W. 2d 1006

Opinion delivered June 30, 1941.

*Sam M. Wassell,* for appellant.

*Ernest Briner,* for appellee.

GRIFFIN SMITH, C. J.   January 7, 1927, H. K. Fuller and his wife mortgaged forty acres of land to secure two notes for $125 each, payable to George Hughes. The notes were due December 1, 1927, and December 1, 1928. Neither was paid.   Indorsements showed payments of interest May 5, 1931,[1] amounting to $1 on each note.

Hughes died January 30, 1930, his wife having been named executrix of his estate.

The mortgaged land forfeited to the state in 1930 for nonpayment of 1929 taxes.   February 4, 1933, Mrs. Hughes obtained a tax deed from the state land commissioner, and in 1936 she conveyed the property to John Saugey.

In a confirmation suit brought by the state the land was included.   Fuller intervened.   Mrs. Hughes and Saugey were made defendants.   Fuller alleged irregularities in sale, and resisted confirmation.   His prayer was that title be quieted in himself, and that he have $300 as damages.

Mrs. Hughes and Saugey (hereafter referred to as appellees) pleaded limitation under act 142 of 1935, and other defenses.   May 6, 1937, a decree was entered in the confirmation suit dismissing appellant's intervention and complaint, and quieting title in Saugey.

In the meantime (May 4, 1936) Mrs. Hughes, as executrix, filed suit to foreclose the Fuller mortgage. Appellant and wife answered, pleading the five-year statute of limitation on written instruments.[2]   No further action was taken until August 3, 1939, when appellant filed an amended answer and cross-complaint, alleging that Mrs. Hughes' purchase from the state amounted to a redemption; that because of her status as executrix of her husband's estate she was incapable of acquiring the property in her own rights, and therefore could not convey to Saugey.

---

[1] Prior interest payments aggregating $37.50 were indorsed on each note.

[2] Pope's Digest, §§ 8933, 9465.

In their answer appellees pleaded *res judicata,* the two-year statute of limitations (Pope's Digest, § 8925), and laches. Appellant demurred to the plea of *res judicata.* The demurrer was sustained. Appellees then moved to vacate the order sustaining the demurrer. This motion was sustained and a decree entered accordingly, from which is this appeal.

The decree quieting title in Saugey recites that the court's findings were made after each side had adduced evidence. What this evidence was is not shown by the record. For aught we may know, George Hughes' will may have bequeathed the notes and mortgage to his wife. No one interested in the estate is complaining of Mrs. Hughes' action in personally purchasing and conveying to Saugey. The foreclosure suit of the executrix might well have been dismissed, but it was not. From June, 1937, (when eviction occurred) until August, 1939, appellant was not in possession.

Neither note has been paid; nor has there been a payment of interest in ten years; but appellant, hoping he may be able to disprove payment of $1 in interest on each note, seeks through limitation to defeat the obligation by attacking Mrs. Hughes' purchase—a purchase necessitated because appellant defaulted in his obligation to pay taxes. He asks the court to say, as a matter of public policy, that Mrs. Hughes, being executrix, could not purchase personally, but that in her representative capacity she might have acted, and in that event—maybe—he would have paid the debt and repossessed the property.

Our holding is that appellant is bound by the decree of 1937. He knew then, as he knows now, that the purchase was not intended as a redemption. Saugey's rights were adjudicated in a proceeding instituted by appellant, from which there was no appeal.

Affirmed.